UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN VAZQUEZ,

         Movant,

  -vs-

UNITED STATES OF AMERICA,

         Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 1:19-cv-01199-MAT**

**Criminal Case**
**No. 1:16-cr-00181-FPG**

---

## I. Introduction

Proceeding pro se, Justin Vazquez ("Vazquez") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Vazquez's § 2255 Motion is denied.

## II. Factual Background and Procedural History

On May 6, 2015, a criminal complaint was filed against Vazquez charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See United States v. Vazquez, 1:15-cr-00156-FPG-HKS (W.D.N.Y. May 6, 2015) ("Vazquez I"). During the course of this criminal proceeding, Vazquez committed the crime that is the basis of the instant § 2255 Motion.

On October 20, 2016, during a court appearance in Vazquez I regarding his former defense attorneys's motion to withdraw as

-1-

counsel based upon irreconcilable differences, Vazquez carved the words "fuck you" into the top of the table at which he was seated in the courtroom. Deputies with the United States Marshals Service had searched the courtroom before Vazquez was brought in, and the carvings were not there. The carvings were not noticed until after Vazquez had already been brought out of the courtroom. Nobody else was sitting in the seat where the carvings were made other than Vazquez.

For this conduct, Vazquez was charged separately, in a Misdemeanor Information (ECF #1), with one count of Damaging Government Property in violation of 18 U.S.C. § 1361. See United States v. Vazquez, No. 1:16-cr-00181-FPG-HKS (W.D.N.Y. Dec. 27, 2016) ("Vazquez II"). The case proceeded to trial, and on June 2, 2017, a jury returned a verdict (ECF #22) convicting him as charged in the Misdemeanor Information.

Meanwhile, in Vazquez I, a jury trial was conducted over three days in January and February 2017. On February 2, 2017, the jury returned a verdict convicting Vazquez of violating 18 U.S.C. § 922(g)(1) as charged. On May 11, 2017, the Court (Geraci, D.J.) sentenced Vazquez to 72 months' imprisonment plus 2 years of supervised release on this conviction.

Sentencing in Vazquez II was held on October 19, 2017 (ECF #31). At that time, Judge Geraci sentenced Vazquez on the Damaging Government Property conviction to 10 months' imprisonment to run

consecutively to the 72-month sentence he was currently serving on the felon-in-possession conviction.

Vazquez appealed, arguing that the 10-month consecutive sentence imposed in Vazquez II was procedurally unreasonable because Judge Geraci did not consider all the required factors when deciding whether to impose a consecutive or concurrent sentence. He also argued that the sentence was substantively unreasonable. The Second Circuit rejected both arguments and affirmed the judgment of conviction. United States v. Vazquez, 17-3670 (2d Cir. Sept. 12, 2019) (summary order) (ECF #44).

Vazquez filed his § 2255 Motion on September 4, 2019 (ECF #41). He asserts that trial counsel did not provide effective assistance "in all aspects," "[m]ost importantly," trial counsel did not file a timely notice of appeal or perfect an appeal. § 2255 Motion at 2-3 (ECF #41). As his second ground for relief, Vazquez asserts a Sixth Amendment Confrontation Clause error based on the Government's use of "the actions and statements of an inmate/witness" who "was never presented at trial for confrontation/cross-examination, and assigned counsel never explored this avenue when prompted by Movant, giving even greater weight to" his ineffective assistance claim. Id. at 3. As his third ground for relief, Vazquez claims that he possesses newly discovered evidence that "said inmate/witness" referenced in ground two "was found 'guilty' of the crime(s) for which he faced" and

that these "crime(s) may have a statute or element of dishonesty, deception, perjury or fraudulent act, calling into question" this individual's validity and truthfulness. Id. at 3-4. The fourth ground for relief in the § 2255 Motion is labeled "due process clause" but Vazquez does not articulate any independent factual or legal bases for a due process claim. Id. at 4.

The Government filed a Memorandum of Law in Opposition (ECF #45), arguing that Vazquez's claims are factually and legally without support.

Vazquez did file any reply papers.

### III. Scope of Review Under § 2255

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a Section 2255 motion without a hearing if the motion and the record "conclusively show[,]" id., that the movant is not entitled to relief. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full

testimonial hearing before deciding federal prisoner's motion to vacate, set aside or correct sentence based on claim of ineffective assistance of counsel alleging that counsel prevented him from exercising his right to testify on his own behalf, where prisoner made only general allegation, and record was supplemented by detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify).

**IV. Merits of the § 2255 Motion**

    **A. Ineffective Assistance of Trial Counsel (Grounds One and Two)**

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings . . . ." Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985); other citations omitted). To succeed on a Sixth Amendment ineffective assistance claim, the defendant must fulfill a two-part test. First, the defendant "must show that counsel's performance was deficient," Strickland v. Washington, 466 U.S. at 687 (1984), such that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," id. at 690. In addition, the defendant must show "that the deficient performance prejudiced the defense," id. at 687. Prejudice is generally defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"

id. at 694.

Vazquez's claim that his trial counsel was ineffective for failing to file a notice of appeal and to perfect the appeal is factually baseless. Clearly, as evidenced by the Second Circuit's September 12, 2019 summary order, trial counsel did file a timely notice of appeal and, indeed, perfected an appeal of Vazquez's conviction on the misdemeanor information. See, e.g., Williams v. Beck, No. 3:07CV422-02-MU, 2009 WL 4114709, at *7 (W.D.N.C. Nov. 23, 2009) ("Petitioner's claim that counsel was ineffective for failing to move for a dismissal for an insufficiency of the evidence is factually baseless. That is, the record reflects that counsel did, in fact, make such a motion at the conclusion of the evidence. Therefore, this claim also must be rejected as frivolous.") (internal citation to record omitted).

With regard to the claim that counsel erroneously failed to object to an alleged Confrontation Clause issue, as referenced in Ground Two, the Court finds no basis for faulting trial counsel in this regard. As discussed below in Section IV.B, there was, in fact, no Confrontation Clause error. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

**B.  Confrontation Clause Violation (Ground Two)**

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right

. . . to be confronted with the witnesses against him.'" Crawford v. Washington, 541 U.S. 36, 42 (2004) (quoting U.S. Const., amend. VI; ellipsis and alteration in original).

Vazquez contends that he was denied his right to confront and cross-examine an unnamed "witness/inmate" on whose statements the Government purportedly relied in securing his conviction. A review of the record demonstrates that this claim also is factually baseless because there was no inmate or cooperator testimony presented at Vazquez's trial. During the course of the one-day trial, five witnesses testified on the Government's behalf. Four of those witnesses were deputy United States Marshals (Rebecca Smith, Gregory Schimenti, Carshena Marshall, and James Bona). The deputy marshals variously testified about the training they receive in performing searches of locations for dangerous items; their discovery of the carving into the table of the words "fuck you"; several photographs taken of the carving; the videotape depicting Vazquez performing the carving; and the observation of Vazquez, while in an isolation cell, attempting to use his handcuffs to cause damage to a wall. The fifth witness (Sean Scott) was a District Court employee who established that the table was property of the Western District of New York. None of these witnesses testified as to any statements made by any inmate or Government cooperator.

  C. **Newly Discovered Evidence (Ground Three)**

Vazquez contends that he has newly discovered evidence the unnamed "witness/inmate" has criminal convictions that would bear upon his or her credibility. Again, this claim is factually baseless. As discussed above, this "witness/inmate" is fictitious–the Government did not rely on testimony or statements from anyone other the witnesses called at trial.

### D. Due Process Violation (Ground Four)

Vazquez's final ground for relief is a catch-all claim in which he asserts that all the errors in his other grounds for relief cumulatively deprived him of his due process right to a fair trial. This claim, too, is factually baseless because none errors alleged by Vazquez were errors at all.

## V. Conclusion

For the foregoing reasons, the § 2255 Motion is denied. No certificate of appealability shall issue because Vazquez has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close civil case, Vazquez v. United States, No. 1:19-cv-01199-MAT.

**SO ORDERED.**

S/ Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: January 8, 2020
Rochester, New York.