UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                Case # 15-CR-156-FPG
                                                                           16-CR-181-FPG

v.                                                             DECISION AND ORDER

JUSTIN VAZQUEZ,

                                                  Defendant.
_____

## INTRODUCTION

On June 8, 2020, Defendant Justin Vazquez, an inmate incarcerated at USP Coleman I, filed a *pro se* "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as Amended by the First Step Act of 2018, Due to Extraordinary and Compelling Circumstances," seeking release from prison due to the COVID-19 pandemic. No. 15-CR-156, ECF No. 134; No. 16-CR-181, ECF No. 48. On June 11, 2020, the Court directed the Government and the United States Probation and Pretrial Service ("Probation") to respond to Defendant's motion. No. 15-CR-156, ECF No. 135; No. 16-CR-181, ECF No. 49. The Government responded in opposition on July 2, 2020. No. 15-CR-156, ECF No. 138. Probation also responded on July 2, 2020. No. 15-CR-156, ECF No. 136; No. 16-CR-181, ECF No. 50. Defendant filed a counseled reply on July 23, 2020. No. 15-CR-156, ECF No. 142; No. 16-CR-181, ECF No. 54. Defendant also filed two *pro se* replies on July 17 and 28, 2020. No. 15-CR-156, ECF Nos. 141, 144; No. 16-CR-181, ECF Nos. 53, 55. The Government filed a sur-reply on July 31, 2020. No. 15-CR-156, ECF No. 146. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant seeks sentencing relief with respect to two separate criminal judgments. In the first, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). No. 15-CR-156, ECF Nos. 97, 114. The facts established at trial indicate that Defendant was arrested after his mother made an emergency 911 call because Defendant had a loaded gun and had been holding her hostage for three days. On May 11, 2017, Defendant was sentenced to a term of 72 months' imprisonment followed by two years' supervised release. ECF No. 114.

In the second case, Defendant was convicted of one count of damaging government property in violation of 18 U.S.C. § 1361. No. 16-CR-181, ECF Nos. 22, 32. Defendant was charged for carving "Fuck You" into counsel's table during the previous trial. On October 19, 2017, Defendant was sentenced to a term of 10 months' imprisonment to run consecutively to the term imposed in his previous case. ECF No. 32.

Defendant's projected release date is June 22, 2021. No. 15-CR-156, ECF No. 136 at 1. However, Defendant is scheduled to be released to a residential re-entry center on September 29, 2020. 15-CR-156, ECF No. 144 at 13.

## DISCUSSION

**I.   Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)**

Defendant asks this Court to release him under the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A).

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 U.S. Dist. LEXIS 75428, at *3 (W.D.N.Y. Apr. 29, 2020) (citation, internal quotation marks, and brackets omitted). One such

statute is 18 U.S.C. § 3582(c)(1)(A), which provides an exception "often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Id.* at *3-4; *see also* U.S.S.G. § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

The Court finds that Defendant has met the exhaustion requirement but has not presented extraordinary and compelling reasons for release. Accordingly, the Court does not reach the remaining two requirements.

### A. Exhaustion

A prisoner may only seek compassionate release in a federal district court if (1) he or she has first requested release from the Bureau of Prisons ("BOP") and then "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (2) thirty days have elapsed since the warden of the prisoner's facility received such a request. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Iosifidis*, No. 13-Cr.-170-(JFK), 2016 U.S. Dist. LEXIS 75666, at *4 (S.D.N.Y. June 9, 2016); *United States v. Montanez*, No. 15-CR-122-FPG, 2020 U.S. Dist. LEXIS 78979, at *4 (W.D.N.Y. May 5, 2020). Here, Defendant's prison warden denied his request for compassionate release, and the Government does not argue that Defendant failed to exhaust his administrative remedies. Accordingly, the Court finds that this requirement is satisfied.

### B. Extraordinary and Compelling Reasons

The United States Sentencing Guidelines list several categories of "extraordinary and compelling reasons" that may justify a sentence reduction, including—as most relevant in the COVID-19 context—a defendant's medical condition. *See United States v. Osbourne*, No. 14-CR-6136-002-FPG, 2020 U.S. Dist. LEXIS 125510, at *3-4 (W.D.N.Y. June 26, 2020) (citing U.S.S.G. § 1B1.13, App. Note 1). A defendant's medical condition may justify release when "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I).

While the COVID-19 pandemic is undoubtedly an unprecedented crisis, courts in this circuit have held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Hossain*, No. 1:04-CR-402 (TJM), 2020 U.S. Dist. LEXIS 106690, at *9 (N.D.N.Y. June 8, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)); *see also United States v. Roney*, No. 10-CR-130, 2020 U.S. Dist. LEXIS 96494, at *13 (W.D.N.Y. June 2, 2020) (finding "that the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme").

However, "numerous courts within this Circuit have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief." *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 U.S. Dist. LEXIS 84469, at *6 (D. Conn. Apr. 30, 2020). Thus, courts

"base[] their resolution of compassionate release requests in the COVID-19 era on whether the inmate-movant ha[s] an underlying medical condition that place[s] her or him at risk of developing a severe case of the illness." *United States v. Lagan*, No. 1:18-CR-0283 (LEK), 2020 U.S. Dist. LEXIS 86330, at *8 (N.D.N.Y. May 11, 2020). "In making such a determination, numerous courts have looked to guidelines issued by the Centers for Disease Control and Prevention ("CDC") as to what conditions place an individual at higher risk for severe illness." *Id.* (citation and internal quotation marks omitted); *see also Groups at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited August 11, 2020) [hereinafter "CDC Risk Article"] (listing several conditions that may or do put individuals at an increased risk of severe illness from COVID-19).

Here, in his original *pro se* motion, Defendant's initial reason for seeking compassionate release was that his mother is ill and requires a caretaker. No. 15-CR-156, ECF No. 134 at 4; No. 16-CR-181, ECF No. 48 at 4. Regarding the pandemic, Defendant alleged that he is at a greater risk for contracting COVID-19 due to his incarceration at Coleman I. *Id.* at 5. He further claimed that he is "middle aged" (he is 34) and suffers from asthma and bronchitis. *Id.* Later, in his reply brief, Defendant's counsel claimed "upon information and belief" that Defendant has "asthma, hypertension, chronic bronchitis, and a weakened immune system as a result of anxiety and other psychiatric conditions." No. 15-CR-156, ECF No. 142 at 6; No. 16-CR-181, ECF No. 54 at 6.

Considering Defendant's medical conditions in light of his incarceration, the Court finds that Defendant has not presented extraordinary and compelling reasons warranting compassionate release. Medical records from the BOP confirm that Defendant has asthma, which is being addressed with an inhaler. No. 15-CR-156, ECF No. 143 at 1. But "[t]he CDC has identified only moderate to severe asthma as a comorbidity that elevates the likelihood of serious illness from

COVID-19, and [Defendant] has demonstrated neither degree of severity." ."* *United States v. Flores*, No. 17 Cr. 449-17 (KPF), 2020 U.S. Dist. LEXIS 98334, at *10 (S.D.N.Y. June 3, 2020) (denying compassionate release to inmate with childhood asthma where he did not suggest that he was unable to manage his medical conditions or that the BOP neglected his care); *see also United States v. Belle*, No. 18-CR-117 (VAB), 2020 U.S. Dist. LEXIS 78784, *13-14 (D. Conn. May 5, 2020) (holding that the mere fact that a defendant has asthma is not enough to demonstrate that he is at severe risk from COVID-19 should he remain incarcerated); *see also* CDC Risk Article (identifying moderate to severe asthma as a factor that *might* place an individual at greater risk of experiencing complications from COVID-19).

Additionally, the CDC has indicated that individuals with COPD, including chronic bronchitis; and individuals with weakened immune systems due to blood, bone marrow, or organ transplant, HIV, use of corticosteroids, or use of other immune weakening medicine, are at a greater risk of experiencing complications. *Id.* But Defendant's medical records do not support Defendant's allegation of chronic bronchitis or a weakened immune system. Finally, while Defendant's Presentence Investigation Report mentioned hypertension, his prison medical records do not. In any case, the CDC has only identified hypertension as a factor that *might* increase the risk of complications from COVID-19. *See* CDC Risk Article.

While the Court is sympathetic to Defendant's position and does not intend to minimize his health challenges, the Court finds that Defendant has not met his burden of showing extraordinary and compelling circumstances warranting release. *See United States v. Schaefer*, No. 7-CR-498 (LJL), 2020 U.S. Dist. LEXIS 75201, at *6 (S.D.N.Y. Apr. 29, 2020) (emphasizing that reasons for release must be both extraordinary *and* compelling and denying compassionate release where the defendant presented medical conditions that, while potentially serious, were

likely shared by a significant portion of the federal prison population); *see also Flores*, 2020 U.S. Dist. LEXIS 98334, at *6 ("The defendant has the burden to show he is entitled to a sentence reduction." (citation omitted)).

In arguing for release, Defendant focuses less on his underlying health conditions and more on the increased risk that his incarceration at Coleman I poses of contracting the virus. He argues that Coleman I is not following BOP regulations for controlling the spread of the virus and that it is blossoming at the facility. No. 15-CR-156, ECF Nos. 141 at 3-4; 142 at 2-5, 25; 144 at 9-10. The Government disputes this, outlining the steps Coleman I has allegedly taken to stop the spread. No. 15-CR-156, ECF Nos. 138 at 3-10; 146 at 2. According to the BOP's website, as of August 11, 2020, 22 inmates and 25 staff members have tested positive for COVID-19 at Coleman I, 12 inmates and two staff members have recovered, and no one has died. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited August 11, 2020).

The Court is "mindful of the fact that conditions of confinement—sharing small cells, eating together, using same bathrooms and sinks, delays in medical evaluation and treatment, and rationed access to soap—make prisons more potentially conducive to the transmission of COVID-19 than elsewhere." *United States v. Murph*, No. 08-CR-322 (JMA), 2020 U.S. Dist. LEXIS 105100, at *7 (E.D.N.Y. June 16, 2020). Nevertheless, courts in this district have held that "the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Anguiera*, No. 11-CR-116S (1), 2020 U.S. Dist. LEXIS 109592, at *14 (W.D.N.Y. June 23, 2020); *see also United States v. Facen*, No. 11-CR-6177L, 2020 U.S. Dist. LEXIS 115136, at *4 (W.D.N.Y. July 1, 2020) (denying release to a prisoner at Elkton—a facility with a high number

of cases—who did not present high-risk underlying medical conditions, because concern that he might contract the virus was "not by itself sufficient to warrant release").

Here, as discussed above, Defendant has not established that his health conditions increase his risk of experiencing complications from COVID-19 to a degree sufficient to justify release, even in light of his incarceration. *See United States v. Weiskopf*, No. 19-CR-6093-FPG, 2020 U.S. Dist. LEXIS 125460, at *8 (W.D.N.Y. May 14, 2020) (denying compassionate release where defendant showed he was at a higher risk of complications but failed to demonstrate the degree of risk; explaining that defendant need not "establish his increased risk with mathematical precision," but should at least "provide a reasonable estimate of the risk he faces").

Because Defendant has not presented extraordinary and compelling reasons, his motion for compassionate release is DENIED, and the Court does not reach the remaining two 18 U.S.C. § 3582(c)(1)(A)(i) elements (*i.e.*, whether Defendant is a danger to the community and whether a reduction in sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a)).

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release, No. 15-CR-156, ECF No. 134; No. 16-CR-181, ECF No. 48, is DENIED.

IT IS SO ORDERED.

Dated: August 16, 2020
       Rochester, New York

                                           HON. FRANK P. GERACI, JR.
                                           Chief Judge
                                           United States District Court